# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JUSTIN TODD REY,**

                **Plaintiff,**

      **v.**                                   **CASE NO. 18-3210-SAC**

**(fnu) HOSTETLER, et al.,**

                **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee[1], proceeds pro se and in forma pauperis.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws

---

[1] During the pendency of this matter, plaintiff was convicted in the Johnson County District Court.

of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090,

1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

## Discussion

The complaint names the following as defendants:

1. (fnu) Hostetler, Classifications Officer at the Johnson County Adult Detention Center (JCADC);
2. The Lenexa Police Department;
3. Billam and Henderson, LLC, a law firm;
4. Detective Mario Kasal, Palm Springs Police Department;
5. Sgt. (fnu) Jerne, Palm Springs Police Department;
6. U-Haul Moving and Storage of Lenexa;
7. Ara Cremation;
8. JCADC;
9. Johnson County Courts;
10. Dep. (fnu) Ellis, JCADC;
11. Judge Kathleen Sloan, Johnson County District Court;
12. (fnu) Graham, civilian employee of Johnson County Sheriff's Dept.;
13. Lt. (fnu) Burns, JCADC.

The Court has conducted an initial review of the complaint, and, for the reasons that follow, has identified several defects in the complaint.

## JCADC is not a suable entity.

The defendant correctional facility, JCADC, is subject to

dismissal because it is not a suable entity. Section 1983 provides a remedy for claims of federal rights by a "person" acting under color of state law. As a governmental sub-unit, the jail cannot sue or be sued, and it is subject to dismissal from this action. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished) ("generally, governmental sub-units are not separable suable entities that may be sued under § 1983") and *Aston v. Cunningham*, 2000 WL 796086, *4 n.3 (10th Cir. June 21, 2000)(unpublished)(stating that jail would be dismissed "because a detention facility is not a person or legally created entity capable of being sued").

### Lenexa Police Department

The Lenexa Police Department also is subject to dismissal, as "'police departments … are not suable entities under § 1983, because they lack legal identities apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D.N.M. 2014)(quoting *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, 1002 WL 51481, at *2 (10th Cir. Mar. 12, 1992). *See also Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir.1985)(dismissing claim against the Denver Police Department because it is not a separate, suable entity).

Plaintiff may amend his complaint to identify individual police officers.

### Private business entities are not state actors

Plaintiff names U-Haul Moving and Storage, Ara Cremation, and the law firm of Billam and Henderson, LLC, as defendants. He alleges that the U-Haul business "made a false claim/call to the Lenexa Police Dpt.", resulting in slander and damage to plaintiff's good name. (Doc. #1, p. 9). He also complains that the crematorium violated his rights by releasing his wife's ashes to her mother despite his instructions

to the contrary (*id.*, p. 11). It appears that the defendant law firm represented plaintiff at some point, as he notes the visits made to him in November 2017 (*id.*, p. 17); he also broadly alleges that "these attorneys are in some deep illegal doings with the Johnson County Kansas and other authorities around the state and some of Missouri" (*id.*, p. 10).

To bring a claim under § 1983, plaintiff must show that there has been a "deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees of State Coll. Of Colo.* 215 F.3d 1168, 1172 (10th Cir. 2000). A private entity may be deemed a state actor where it has "'acted together with or [has] obtained significant aid from state officials, or [if its] conduct is otherwise chargeable to the state.'" *Johnson v. Rodrigues*, 293 F.3d 1196, 1203 (10th Cir. 2002)(quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (2002)).

The United States Supreme Court has applied four tests to determine whether a private actor should be considered a state actor under § 1983: "(1) the public function test, (2) the nexus test, (3) the symbiotic relationship test and (4) the joint action test." *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000). Here, plaintiff has not alleged any facts that suggests that either U-Haul or Ara Cremation acted together with state officials or that their conduct is reasonably chargeable to the state. Instead, U-Haul employees called the police, and Ara Cremation delivered cremains to plaintiff's mother-in-law instead of to him. Neither of these scenarios suggests any state action, or the violation of a federal right, and these business entities are subject to dismissal from this action.

And while plaintiff claims that the law firm of Billam and

Henderson, LLC, is involved in illegal activities with state officials, the complaint fails to allege any specific acts or omissions in support of this bare claim. Accordingly, this defendant also is subject to dismissal unless plaintiff offers specific, well-pleaded allegations of fact.

### Officers of the Palm Springs Police Department

Plaintiff alleges that defendants Kasal and Jerne, both employees of the Palm Springs, California Police Department have charged plaintiff with murder and "used reasons … including the dismemberment of [plaintiff's] wife's deceased corpse as a reason for the judge to place the warrant." (*Id.*, at p. 9). If plaintiff is challenging the validity of California criminal charges, he must present that challenge in the district where the charges were brought. This Court has no jurisdiction over those charges or over action taken by California officers in California, and any such allegations must be dismissed from this action.

### State district court and state court judge

Plaintiff names as defendants both the Johnson County District Court and the state district judge presiding in his criminal case. Generally, while a person can be sued for constitutional violations under § 1983, neither a state nor its agencies is a person under that provision. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)(citing *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989)(neither a State nor its agencies are "persons" under § 1983)). The defendant Johnson County Court is an arm of the State, and therefore, it is not a "person" suable under § 1983. *Will*, 491 U.S. at 64.

Next, a judge has absolute immunity from suit for acts performed

within the jurisdiction of the court. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). In determining whether the defendant judge's actions identified in the complaint were within her jurisdiction, the Court must look to the nature of the act, that is, whether the nature of the act is judicial, and not whether the act was erroneous or malicious. *Mireles v. Waco*, 502 U.S. 9, 13 (1991)(considering "the particular act's relation to a general function normally performed by a judge."). Plaintiff's claims against the defendant judge allege that she has failed to answer the numerous letters he sent to her and denied him access to information concerning his children's well-being (Doc. #1, p.16.). The Court has considered these claims and finds that plaintiff has not identified any acts that fall outside the jurisdiction of the defendant judge.

These defendants are subject to dismissal.

### Defendant Graham

Plaintiff identifies this defendant as a civilian working in the law library and asserts the denial of his "right to notarize." (Doc. #1, p. 8). At this point, the Court liberally construes this to implicate a denial of legal service impairing his access to the courts. It is long settled that access to the courts is a fundamental constitutional right. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, to present a claim of denial of access, a prisoner must show actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). That showing, in turn, requires a prisoner to show that a denial or delay of access prejudiced him in pursuing his legal claims. *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Because plaintiff has not identified any specific harm that arose from the denial of notary services, his claim against defendant Graham is subject to dismissal

unless he amends the complaint to identify actual injury.

**Defendants Hostetler, Ellis, and Burns**

These defendants are employed at the JCADC and are properly named in a complaint under § 1983. Plaintiff appears primarily to allege that his placement in segregation violated his constitutional rights, although the complaint also broadly alleges other acts, including fraud and false trouble calls. (Doc. #1, pp. 8-9).

Generally, a prisoner challenging the conditions of his confinement must show that the defendants deprived him of a liberty interest. *See Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006). Because a prisoner's conditions of confinement do not impinge on a liberty interest unless they involve the "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995), plaintiff must provide an amended complaint to explain the specific factual grounds of his claim.

**Motion to appoint counsel**

Plaintiff moves for the appointment of counsel (Doc. #3). There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel

appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

At this point, the Court declines to appoint counsel. As discussed in this order, plaintiff has identified a number of defendants who are not properly named in an action under §1983, and many of his claims are, at present, too vague to proceed.

### Conclusion

The Court directs plaintiff to show cause why defendants Lenexa Police Department; Billam and Henderson, LLC; Mario Kasal; (fnu) Jerne; U-Haul of Lenexa; Ara Cremation; JCADC; Johnson County Courts; (fnu) Ellis; Judge Sloan; and (fnu) Graham should not be dismissed for the reasons set forth.

Plaintiff may submit an amended complaint to correct any deficiencies. The amended complaint must be submitted upon court-approved forms. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and must allege specific facts that describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **March 26, 2019,** plaintiff shall show cause as directed and shall submit an amended complaint that complies with the directions contained in this order. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. #3) is denied.

**IT IS SO ORDERED.**

DATED: This 26th day of February, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge